**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LISA J. WATSON,

    Plaintiff,

vs.                              CASE NO. 3:04-cv-1178-J-HTS

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.

_____

**O R D E R**

Plaintiff's Consent Petition for Attorney Fees (Doc. #22; Petition) was filed on February 10, 2006. It is represented Defendant has no objection to the amount sought in the Petition. *Id.* at 2.

A total of 27.8 hours were expended in the representation of Plaintiff. *See id; see also* Declaration and Schedule of Hours of Sarah H. Bohr, attached to the Petition; Time Expended in the Matter of Lisa J. Watson, attached to the Petition. A payment of $4,418.18 in fees is sought. Petition at 2. This is based on an hourly rate of $155.35 for 4.4 hours expended in 2004, and $159.60 per hour for the 23.4 hours of work performed in 2005 and 2006. *Id.*

Having reviewed the Petition and case file herein, it is found Ms. Watson satisfies the statutory requirements for an award of fees. *See* 28 U.S.C. § 2412(d). However, the Court concludes the correct maximum hourly rate is $150.49 for 2004 and $155.59 for 2005 and 2006.[1] Thus, Plaintiff may reasonably be awarded $4,302.97 in attorney fees.[2]

Accordingly, the Petition (Doc. #22) is **GRANTED** to the extent the Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney fees in the amount of $4,302.97.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of February, 2006.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and *pro se* parties, if any

---

[1] To determine the correct hourly rate, adjusted for inflation, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited February 13, 2006) was used.

[2] The fees sought by Ms. Watson are slightly more than the amount allowed under the Equal Access to Justice Act, 28 U.S.C. § 2412, accounting for adjustments due to the increase in the cost of living. *See* § 2412(d)(2)(A).
    While the Court does not intend to undermine the parties' agreement, it is unable to award the sum requested, based on the number of hours listed in the Petition, as it exceeds the total allowed by 28 U.S.C. § 2412. In this case, having determined the applicable hourly rates based on the years in which the services were performed, the lodestar amount, which is the product of the hourly rates multiplied by the number of hours expended in representing Plaintiff, is awarded.